#### FOR THE

### COUNTY OF BENNINGTON.

#### FEBRUARY TERM, 1851.

----

PRESENT,

HON. STEPHEN ROYCE, CHIEF JUDGE.
HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG,

----

TARRANT SIBLEY *v.* IRA FROST and TRUMAN ESTES, Trustee.

### *Trustee Process.    Contingent liability.*

One summoned as trustee, being indebted to the principal debtor, had delivered to the principal debtor, previous to the service of the trustee process, three orders, drawn upon the minor sons of the trustee, who were traders, in favor of the principal debtor, or bearer, and directing the drawees to pay to the principal debtor the amount of the order, in goods, and place the same to the account of the drawer. These orders remained in the hands of the principal debtor until after the service of the trustee process, and were then negotiated by him; and one of them was subsequently presented to the trustee and payment refused, on account of the pendency of this suit; and the other orders were afterwards presented to the drawees and payment refused. Held, that the trustee was not chargeable.

Sibley *v.* Foster & Tr.

TRUSTEE PROCESS. The writ was served upon the trustee April 17, 1849. The trustee disclosed, that he was indebted to the principal debtor, at the time of the service of the trustee process, in the sum of $4,69. It appeared, that, in addition to this sum, the trustee, being indebted to the principal debtor, delivered to him, February 12, 1849, three orders, for $5,00 each, drawn by the trustee upon C. & M. Estes, his minor sons, who were traders, and directing the drawees to pay to the principal debtor, or bearer, the amount named in the orders respectively, in goods, and charge the same to the account of the trustee. The drawees were then and continued to be indebted to the trustee. The orders were negotiated by the principal debtor after the service of the trustee process and before the trial in the county court, and one of the orders was presented to the trustee, for payment, a short time previous to the trial in the county court, and payment was refused on account of the pendency of this suit, and the other orders were presented to C. & M. Estes, for payment, after the service of the trustee process and before trial in the county court, and payment was refused.

The county court, December Term, 1850,—PIERPOINT J., presiding,—decided, that the trustee was not chargeable, for the reason that his indebtment to the principal debtor was for a sum less than $10,00. Exceptions by plaintiff.

*Robinson & Sibley* for plaintiff.

The principal debtor, by receiving the orders, did not discharge the original indebtedness, for which the orders were given, but merely became the agent of the trustee to collect their amount. Chit. on Bills 399. 1 Hall 56. Upon the refusal of payment by the drawees, the principal debtor had a right of action upon the orders against the trustee, which was immediately attached by the trustee process. *Newell* v. *Ferris,* 16 Vt. 137.

*T. W. Park* for trustee.

1. The orders are to be treated as " bills of exchange," and there can be no liability on the part of the drawer, unless they were presented to the drawees, within a reasonable time, for payment, and payment refused, and notice thereof given to the drawer. One of the orders was never presented to the drawees, and the other two

XXIII.     45

were not presented until a long time after they were drawn; and no notice has ever been given to the drawer of their being dishonered.

2. The liability upon the orders, drawn by the trustee, depended upon a contingency; and he could not be adjudged trustee. Rev. St. 193, § 29.

The opinion of the court was delivered by

REDFIELD, J. It seems to us, that Estes is not liable, as trustee, in this case. The most, that can fairly be claimed on that score, is, that there was a possibility he might become indebted to Frost upon the orders. At the time of the service of the trustee process it was nothing more, and nothing more at the time of the judgment. To create an indebtedness it was requisite, that the orders should be presented to the drawees in a reasonable time, that is, *immediately*, and payment refused and notice given back,—neither of which seem to have been done; and until that, there was no liability, by the very terms of the orders. They were payment, except upon these contingencies, which do not appear to have happened.

Judgment affirmed.